**UNITED STATES of America, Appellee,**

v.

**John Andrew DANE, Appellant.**

**No. CA–77–4006.**

United States Court of Appeals, Ninth Circuit.

Dec. 6, 1978.

Tom O'Toole (argued), Phoenix, Ariz., for appellant.

Joel D. Sacks, Asst. U. S. Atty. (argued), Phoenix, Ariz., for appellee.

Before MERRILL and CHOY, Circuit Judges, and TANNER,* District Judge.

PER CURIAM.

In *United States v. Dane*, 570 F.2d 840 (9th Cir. 1977) this court affirmed the Order of the District Court for the District of Arizona, which revoked appellant's probation. Dane was charged with violating a special condition of his probation that he "not trade, possess, or carry weapons, firearms or explosives". At his revocation hearing, the sentencing judge found that Dane had violated this condition by handling weapons in Mexico, by having his personal weapons shipped to him from the United States, and by engaging in armed instruction in Rhodesia and handling arms there. On July 22, 1977, thirteen months after the revocation of probation, appellant filed in the sentencing court, a Motion to Vacate Prior Probation Revocation Order and to Reinstate Defendant's Probation, or in the alternative to Grant a New Probation Revocation Hearing Based on Newly Discovered Evidence. After hearing testimony, the district court denied the motion. It is this order the appellant here appeals. We affirm.

In *U. S. v. Dane*, 570 F.2d 840 (9th Cir. 1977), this court held that Dane did receive "fair warning" that the continuation of his life as a mercenary soldier would lead to the revocation of probation.

This court stated, 570 F.2d at 844–45 (footnote omitted):

It is clear that Dane understood that a continuation of his former [life] profession was unacceptable to the district judge.

The district judge gave support to this conclusion with his own remarks. Prior to imposing sentence, the district judge indicated that he felt very strongly about Dane's conduct with respect to weapons, killings, and dealings in weapons. In connection with Dane's own manifest understanding that he was to abandon his former profession of warrior for hire, the judge's remarks gave more than adequate warning that a return to the mercenary profession would be inconsistent with probation.

.    .    .    .    .

Furthermore, there was nothing to indicate that the district judge had retracted his strong statement at the sentencing proceeding. Dane remained subject to the understanding that a return to the mercenary life was inconsistent with his probation.

At the district court hearing on appellant's Motion to Vacate Prior Probation Revocation Order and to Reinstate Defendant's Probation, or in the alternative to Grant a New Probation Revocation Hearing Based on Newly Discovered Evidence, the district judge heard the following testimony: Yaeger, Dane's probation officer, testified that he received a letter from the appellant on November 17, 1975 which read: "So here I am, three columns of my chums marching on the capitol of Angola and I have to read about it in the newspapers. It's disgusting."

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

Yaeger further testified that on November 3, 1975, he received information from the United States Attorney that Dane had been found with a letter that indicated that he had inquired into a travel itinerary to Rhodesia.

F.B.I. Agent Miller testified that he interviewed Yaeger on December 31, 1975, in regards to locating Dane. As a result of this interview, Miller stated in an F.B.I. memorandum that Dane had suggested he might resume his previous occupation as a mercenary. Yaeger testified that although he suggested to Miller where Dane might be, Dane never said anything to him indicating his intention to return to mercenary life in Rhodesia.

Appellant contends that since he communicated to his probation officer his intent to return abroad as a professional soldier, the probation officer's failure to notify Dane that such activities would result in the revocation of his probation implicitly sanctioned appellant's return, thus vitiating the fair warning given by the court at sentencing. We find this argument to be without merit.

We find from the record that the trial court did not abuse its discretion in finding that Dane did not communicate his intention to return to the life of a mercenary to Yaeger. The district judge, who was in the best position to assess the testimony, accepted Yaeger's rendition of the facts.

The additional newly discovered evidence does nothing to refute Yaeger's testimony. Dane's letter of November 17, 1975 did not state his intention to return to Rhodesia as a mercenary. Further, the record shows that Dane did not communicate the fact that he had inquired into travel to Rhodesia to Yaeger.

Dane remained subject to the understanding that a return to mercenary life was inconsistent with his probation. We affirm.