## Stoddard M. Sherwin v. Cornelius Hogan, Commissioner of Corrections of the State of Vermont, et al.

[401 A.2d 895]

No. 224-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed January 15, 1979

*Welch and Graham,* White River Junction, and *Craig Weatherly,* Law Clerk (On the Brief), North Pomfret, for Plaintiff.

*Michael J. Sheehan,* Windsor County State's Attorney, and *William J. Donahue,* Deputy State's Attorney, White River Junction, for State.

**Barney, C.J.** The plaintiff sought release from confinement by habeas corpus brought in superior court. Denied relief there, he brings his appeal here. He has been represented by counsel during all of these habeas corpus proceedings.

He is presently imprisoned under a sentence carrying a maximum term of one year after a conviction of simple assault. One year is the maximum permissible incarceration for that charge under the statute. 13 V.S.A. § 1023(b). When originally convicted on September 21, 1976, the sentence was suspended and he was placed on probation "until further order of court." On June 21, 1978, he was charged with violating the conditions of probation and ordered to begin serving his sentence. On that date he was confined in the Woodstock Correctional Center for that purpose. His petition for habeas corpus followed.

The authority under which he has sought release is the general habeas corpus statutes, 12 V.S.A. §§ 3952–3953, rather than the special form of habeas corpus denominated post-conviction relief, 13 V.S.A. §§ 7131–7136. Since it is the sentence that is under attack, the post-conviction relief provisions must be first resorted to. 13 V.S.A. § 7136. But here, as in *Berard* v. *Moeykens,* 132 Vt. 597, 598, 326 A.2d 166 (1974), all of the substantive requirements of 13 V.S.A. § 7136 have been met, even though resort purports to be to the general habeas corpus statute. Therefore, we will treat it as properly brought, in the

interests of justice and consistent with the remedial intent of the statutes.

■ It is the familiar holding of our cases that it is the petitioner seeking relief who has the burden of demonstrated entitlement to remedy, whether the grounds be constitutional or some lesser error. *In re Clark,* 127 Vt. 555, 557–58, 255 A.2d 178 (1969). Not only may the relief take a wide range, as noted in *Clark, supra,* including remedies short of full release, but the scope of review itself is likewise broad. *In re Provencher,* 127 Vt. 558, 560, 255 A.2d 180 (1969). The concerns of this appeal fall within its scope.

The issue is entirely legal, and the plaintiff contends it has constitutional dimensions. The plaintiff's one allegation of error is that the imposition of sentence in his case was unsupportable because the probation involved could not properly have been continued to the time of the alleged breach of probation.

The plaintiff's attack on probation has two aspects. First, he argues that the phrase "in accordance with law" added to the former probation statute was a recognition of a need to limit the period of probation within the authority of a sentencing court to impose. The present statute, 28 V.S.A. § 205, now reads:

> After passing sentence, a court may suspend all or part of the sentence and place the person so sentenced in the care and custody of the commissioner upon such conditions and for such time as it may prescribe in accordance with law or until further order of court.

■ The short response to plaintiff's contention with respect to the legislative intent might be to say that the amended language does not compel the inference that plaintiff would have us read into it. But, to go further, a comparison of the statutes relating to probation as they were prior to the wholesale revision in No. 199 of the Public Acts of 1971 (Adj. Sess.), and afterwards, points to a quite different and most direct application of the "in accordance with the law" phrase. Prior to 1971, there were no subsisting statutes containing directions as to proper conditions of probation. After 1971, there were, contained in 28 V.S.A. § 252. It is the view of the

Court that the quoted phrase was intended to bind sentencing courts to comply with that statute.

If it were as the plaintiff would have it, surely there would have been no need to leave the issue to inference and interpretation. This view is further sustained by the retention of the phrase "until further order of court."

As further support to his claim that periods of probation should be held to have finite limits, the plaintiff points to statutory patterns in other states. Some of these statutes mandate probation limits beyond the limits of allowable incarceration for the criminal charge involved. These statutes of course have little relevance in this state, since they are not our law. They do, however, cut against any argument that there is some legally inherent requirement that the period of probation cannot properly outrun the maximum allowable sentence.

■■ Turning to the constitutional claim, it has an aspect resting on the claimed indefiniteness of probation "until further order of court." The claim is that such an order of probation amounts to "cruel and unusual punishment" in violation of the Eighth Amendment of the Constitution of the United States. The argument is that probation that might extend for a lifetime for a crime having a maximum term of imprisonment of one year is intrinsically cruel and unusual punishment.

This claim, as stated, involves some assumptions that must be examined before acceptance. Initially, attention must be directed to the nature of probation itself in this state. Although it must be conceded that the options are presented in a constrained context, nevertheless probation represents a choice of options. It is fundamental to probation that its format is contractual, that the probation agreement is in writing and consent is indicated by the signature of the probationer. Ankersmit, *Setting the Contract in Probation,* 40 Federal Probation 28 (1976). The statute requires that he receive a certificate explicitly setting forth the conditions upon which he is being released. 28 V.S.A. § 252(c).

The plaintiff's argument puts him in the position of saying he accepted an alternative to incarceration that he now says amounts to cruel and unusual punishment. To say that this is,

in that sense, an "imposed" penalty, is to ignore the consensual aspect. Moreover, it is difficult to conceive of a device for avoiding confinement, even with conditions, as defined in 28 V.S.A. § 201, as being cruel and unusual punishment.

Furthermore, there is no bar to the presentation to the court ordering probation of a petition seeking discharge under 28 V.S.A. § 251. Due process is amply served even though the initiation of proceedings may, in a given case, fall upon a particular probationer, instead of the more usual petition from the probation officer. The burden is no greater than that of commencing the present proceeding. It is then for this Court to review, as it is required to do in so many types of litigation, the justice and propriety of the lower court's exercise of its authority to terminate.

In short, the endless probation pictured in the petition of the plaintiff, to come into being, requires the conjunction of his consent plus his permanent neglect of his right to petition, as well as total failure to review his situation by the court and the probation department. That improbable combination of circumstances is not transformed into a legal deficiency in the sentencing process by the mere passage of twenty-one months from conviction. The Legislature has not, even in its most recent revisions in this area, seen fit to require a departure, by specific enactment, from existing law and practice. See *In re Estate of Gaskell,* 123 Vt. 57, 59, 181 A.2d 67 (1962). Nor has any case been cited to this Court that defines such a term of probation as being violative of either the United States Constitution or that of Vermont. The judgment below denying relief by way of habeas corpus because the order of confinement is sound in law is, therefore, valid.

*Judgment affirmed.*