378 So.2d 850 (1979)
John Arthur CARMO, Appellant,
v.
STATE of Florida, Appellee.
No. 78-485.
District Court of Appeal of Florida, Fourth District.
December 19, 1979.
Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Asst. Public Defender, and Gary S. Israel, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
Appellant seeks review of an order modifying the probation on which he was placed as a result of pleading guilty to, and being convicted of, burglary. He argues that the addition, after eleven months from the imposition of probation, of a condition that he make restitution to the victim of the burglary violates the plea agreement and common notions of fair play. We reverse.
Appellant pled guilty to burglary pursuant to an agreement that he would receive a sentence not to exceed two years. Thereafter, he was sentenced to two years with the last eighteen months thereof suspended, during which time he was placed on probation. Eleven months later the court issued an order to show cause why he should not be ordered to make restitution as a condition of probation, and after hearing, so ordered.
It is patently obvious that the plea agreement did not contain anything except a two year maximum term of imprisonment. We therefore find no violation of the agreement. Nevertheless, we must be concerned with Section 948.03(2) Florida Statutes (1977) which provides:
"(2) The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper. The court may rescind or modify at any time of the terms and conditions theretofore imposed by the court upon the probationer."
*851 Notably, this section authorizes the court to "rescind or modify at any time ... the terms or conditions theretofore imposed... ." (Emphasis added). No condition requiring restitution had been imposed; thus, there was nothing to rescind or modify. The addition of a condition, after imposition of probation and not accepted by the defendant at the time of being placed on probation, is without statutory authority.
The trial court is vested with broad discretion in determining the conditions of probation. If a probationer is determined to have violated any of the terms or conditions of his probation, and the court desires to restore him to probation after finding such a violation, the court may, at that time, impose additional conditions. This would be considered a new probationary period. We hold only that once a probationary period has commenced, there is no authority for imposing additional terms or conditions.
REVERSED AND REMANDED with directions to strike the added requirement of restitution from the order placing appellant on probation.
LETTS, J., and JAMES C. DAUKSCH, Jr., Associate Judge, concur.