**UNITED STATES of America, Plaintiff,**

v.

**Vincent James SPILOTRO, Defendant.**

**No. CR–R–80–57–ECR.**

United States District Court,
D. Nevada.

April 29, 1983.

---

**9.** *See* 5 U.S.C. §§ 555(e), 557(c).

**10.** 29 U.S.C. § 158(d).

Geoffrey A. Anderson, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff.

Oscar B. Goodman, Las Vegas, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendant's probation officer has petitioned for revocation of probation because of the defendant's violation of some of the conditions thereof. The matter having been assigned to United States Magistrate Phyllis Halsey Atkins, she held a hearing on December 7, 1982, at which time testimony, exhibits and arguments were presented. Magistrate Atkins recommended that the defendant's probation be revoked and that he be required to serve at least part of his remaining sentence in a jail-type institution.

One of the conditions of the defendant's probation is that he work regularly at a lawful occupation. The defendant hasn't worked, in the conventional sense, within the last ten years. When the probation officer concluded that the defendant was not making a reasonable effort to obtain work, the officer directed the defendant to keep a log of the contacts he made in his search for work. This direction was not complied with, although the defendant did verbally inform his probation officer of several possibilities for work that he had investigated. The Magistrate found that the defendant has not been making good faith efforts to find work. She also found that his failure to keep a log was the result of a conscious choice on his part.

Another condition of probation requires the defendant to follow his probation officer's instructions and report as directed. Monthly supervision reports submitted by the defendant were more often than not incomplete, especially as to sources of income and debts. The probation officer emphasized to the defendant that this information must be furnished. Nevertheless, it never has been. The Magistrate found that, in light of the fact that the defendant's conviction was for failure to make an income tax return, the willful failure to provide financial information indicates that probation is not productive in this case.

The defendant has filed objections to portions of Magistrate Atkins' report and recommendation. He contends that the probation officer never informed him that failure to disclose financial information would result in proceedings to revoke probation. Further, he alleges that he did provide certain financial information verbally, and any requirement that he do so in writing was waived by the probation officer's failure to insist on it over a thirteen-month period. Nor was there a clear instruction that he

keep a log of employment contacts, the defendant contends. He argues that the several verbal reports he made concerning his efforts to find work sufficed to enable the probation officer to verify his efforts, yet the officer admitted he never made any attempt at verification. Fear that a call from a probation officer to a prospective employer would jeopardize any chance the defendant had to get a job is the reason given by the officer for not checking.

Although a condition of the defendant's probation is that he refrain from violation of any law, this condition is not a basis for the instant revocation proceedings. Evidence was received by the Magistrate, nevertheless, that the defendant has neither made income tax returns nor paid any such taxes for the years 1974–1981, inclusive. It is relevant to the defendant's attitude and rehabilitative progress.

The Court has considered the defendant's objections to Magistrate Atkins' report and recommendation de novo. The complete file of the case, all exhibits admitted into evidence and a transcript of the proceedings wherein the defendant was sentenced have been studied. In addition, the tapes of the entire hearing before the Magistrate have been listened to.

■ The conditions of probation which the defendant has been charged with violating are standard ones. In fact, they are printed on the back of his Judgment and Probation/Commitment Order. Even as to standard conditions, however, it must be shown that the defendant was informed that failure to comply with those conditions may result in revocation of his probation. *United States v. Bonanno,* 452 F.Supp. 743, 755 (N.D.Cal.1978), *aff'd w/o op.* 595 F.2d 1229 (9th Cir.1979). Where the proscribed acts are not criminal (neither failure to submit financial information nor to diligently seek employment are crimes), due process mandates that the defendant cannot be subjected to forfeiture of his liberty for those acts unless he is given prior fair warning. *Ibid.; United States v. Dane,* 570 F.2d 840, 844 (9th Cir.1977).

In addition to the written conditions of probation, the necessary warning or notice may be supplied by the explanations and instructions given the defendant by his probation officer. *United States v. Bonanno, supra* at n. 13; *United States v. Romero,* 676 F.2d 406, 407 (9th Cir.1982). The evidence is overwhelming that the defendant was notified that he was not complying with the conditions of his probation here involved. Moreover, the sentencing judge's remarks may constitute the required notification. *Ibid.; United States v. Dane, supra* at 845; *United States v. Dane,* 587 F.2d 436, 437 (9th Cir.1978). The transcript of the defendant's sentencing proceedings, on March 9, 1981, are most enlightening. His own attorney pointed out that by requiring him to keep a record of his monies, not only would his taxes be paid, but the supervision of the probation officer could provide the defendant with the support he needs. Further, the attorney emphasized that the conditions of probation would be an incentive for the defendant to rehabilitate himself, for if he failed to comply with those conditions, the probation officer could come back to court and say, "Look, Mr. Spilotro doesn't want to make all of the facts known to this office to satisfy our inquiries, and, therefore, he's been incooperative, revoke his probation." Tr. p. 17, lines 8–12. The judge pointed out that the defendant's failure to disclose his sources of income had been an important reason he was in trouble with the Government. Later in the proceedings the judge emphasized that the defendant's employment and sources of income are legitimate concerns of the court. Tr. pp. 5–6.

A general condition of probation requiring the probationer to follow the probation officer's instructions and report as directed suffices to necessitate reports as to sources of income. *United States v. Manfredonia,* 341 F.Supp. 790, 794 (S.D.N.Y.1972). Such information is particularly pertinent where the conviction was for a crime involving financial activities. *See United States v. Pierce,* 561 F.2d 735, 739 (9th Cir.1977). The failure of a probationer to accurately complete monthly report forms regarding

income has been specifically found to reflect upon his attitude toward both the court and the probation office, with attendant doubt that he is manageable as a probationer. *United States v. Bonanno, supra* at 452 F.Supp. 759. As in *Bonanno,* the undersigned finds that the defendant herein has intentionally and continually reported his financial affairs incompletely and inaccurately, and has not made a serious attempt to fulfill this requirement of his probation.

It is established that the defendant has violated the two conditions of his probation above discussed. Now it is necessary to determine whether he should be recommitted to prison or whether less drastic steps would both protect society and effect his rehabilitation. *Id.* at 746; *see also United States v. Diaz-Burgos,* 601 F.2d 983, 985 (9th Cir.1979).

■ Whether the probationer has made a good faith attempt to comply with his probation conditions is a factor to be considered. *United States v. McLeod,* 608 F.2d 1076, 1078 (5th Cir.1979). The *Bonanno* opinion, at p. 761, points out:

> "The monthly report forms are an important tool for the probation officer in supervising probationers. In the event of a revocation proceeding, the reports can also be evidence of the probationer's good faith and honest efforts to find and keep gainful employment, maintain sound financial dealings, and cooperate with the probation office."

The defendant's behavior does not indicate good faith but, rather, a pervasive unwillingness to follow the rehabilitation program afforded by his probation. *See United States v. Burkhalter,* 588 F.2d 604, 607 (8th Cir.1978). His trained probation officer agrees with this negative finding. Such a professional evaluation is a factor to be considered. *See Gagnon v. Scarpelli,* 411 U.S. 778, 785 n. 8, 93 S.Ct. 1756, 1761 n. 8, 36 L.Ed.2d 656 (1973).

■ The two central concerns of the probation system are the successful rehabilitation of the probationer and the protection of society. *United States v. Dane,* 570 F.2d 840, 845 (9th Cir.1977); *United States v.*

*Winsett,* 518 F.2d 51, 55 (9th Cir.1975). Not only has the defendant not been rehabilitated, but further probation will not likely lead to rehabilitation. In addition, his willful non-compliance with the conditions of his probation constitute an affront to the Court. *See United States v. Rodgers,* 588 F.2d 651, n. 4 (8th Cir.1978).

IT IS, THEREFORE, HEREBY ORDERED that the Magistrate's Report and Recommendation filed herein on March 7, 1983, be, and the same hereby is accepted, as modified hereby.

IT IS FURTHER ORDERED that the defendant's objections to the Magistrate's Report and Recommendation be, and the same hereby are, overruled.

IT IS FURTHER ORDERED that the probation of the defendant be, and the same hereby is, revoked.

IT IS FURTHER ORDERED that the defendant, Vincent James Spilotro, shall surrender himself to the United States Marshal at the United States Courthouse, 300 Las Vegas Boulevard South, Las Vegas, Nevada, at 10:00 o'clock A.M. on Wednesday, May 18, 1983, to be transported to the institution designated by the U.S. Bureau of Prisons to serve the entire remainder of the sentence imposed on him by the Judgment and Probation/Commitment Order entered on March 10, 1981.