## State of Vermont v. Darrell Day

[511 A.2d 995]

No. 85-023

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 18, 1986

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Herbert W. Olson*, Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Gibson, J.** In November 1983, defendant pleaded nolo contendere to a charge of burglary. In exchange for defendant's plea, the prosecutor agreed to dismiss several other charges. A written plea agreement between defendant and a deputy state's attorney recommended disposition in the following terms:

> 2-4 years; 18 months to serve beginning [November 28, 1983]; balance suspended; probation; pro-rata restitution in [amount] to be determined by Probation Dept. ([defendant] can contest [the amount] of same); any violation of parole or probation to be concurrent; [defendant] may withdraw plea if judge exceeds recommendation or if parole authorities wish to exceed sentence.

Accepting the agreement, the district court sentenced defendant to a term of two to four years, suspended, with eighteen months to be served, followed by probation. The court's order required several conditions of probation, including, among others, requirements that defendant pay a prorated amount in restitution; that he not be convicted of another offense; that he seek employment; and that he regularly report to his probation officer and cooperate with that official in several specified ways. Defendant signed a probation warrant form which listed the terms of his sentence and conditions of his probation.

After defendant received his release from incarceration in January 1985, his probation officer wrote to the district court requesting the court to impose additional, more-restrictive conditions of probation. The new conditions included, inter alia, requirements that the probationer not purchase, possess, or consume alcohol or regulated drugs; that he submit to an alcosensor or urinalysis test or a photographic identification line-up whenever the probation officer directs; that he abide by a daily curfew of 9:00 p.m. to 6:00 a.m. and attend an alcohol and drug treatment seminar at his own expense; and that he not possess deadly weapons.

The district court convened a hearing to determine the appropriateness of these proposed additional conditions of probation. At that hearing a probation officer admitted that he was not seeking modifications due to new information changing defendant's "risk factor." Nor did he allege violations of existing conditions of probation.[1] Instead, he sought new conditions because defendant fit the profile of probationers for whom an "intensive supervision" program, developed after defendant's initial sentencing, would be appropriate. Thus, he sought the modifications due to changes in his department's programming rather than due to changes in defendant's behavior. The court adopted the proposed conditions over defendant's objection that more-restrictive conditions could not be imposed without a change in his circumstances. Although defendant signed a form purporting to agree with the modifica-

---

[1] Although the probation officer had heard reports of misbehavior by defendant while incarcerated, those reports were not the basis for seeking modified conditions of probation. Moreover, the State did not seek to substantiate the reports at the hearing. We find no basis in the record for concluding that the district court based its order of modification on behavior by defendant occurring after his initial sentence.

tions in his probation, he did so only after the court stated: "He has a choice, either sign it or go to Rutland Correctional Center." We reverse.

## I.

Defendant argues that the modification of his conditions of probation violates the terms of his plea agreement. The State responds with the contention that, except for the amount in restitution, the plea agreement did not address the conditions of probation, but left them to the court's discretion. The record supports the State's position.

■ This case involves two agreements: one concerning the preconditions to a change of plea, and the other concerning the conditions of probation. Certainly, a defendant who changes his plea from not guilty to either guilty or nolo contendere after striking a plea bargain has the right to demand that the State fulfill its end of the bargain. See *Santobello* v. *New York*, 404 U.S. 257, 262 (1971); *State* v. *Earle*, 145 Vt. 650, 653, 497 A.2d 28, 29 (1985). Accordingly, if the plea agreement had encompassed a set of probationary conditions, then the State could not have unilaterally sought a change of conditions later.

Here, the plea agreement included just one condition of probation—restitution—but it contemplated there would be others. Defendant concedes that much. He argues, however, that he believed that the conditions which he contemplated were the "standard conditions of probation that appear[ed] on the probation warrant" which he signed. This argument treats two distinct agreements as one. Defendant initially agreed to change his plea in exchange for certain concessions by the prosecutor. Then, after the court accepted the plea bargain, defendant agreed to abide by a list of conditions imposed with his probationary sentence.

By later seeking modification of the terms of probation, the State did not violate the terms of the original plea bargain. That bargain did not encompass an all-inclusive list of conditions; rather, it left the conditions for the court's determination. Whether modification of the conditions of probation violated the probation agreement, on the other hand, raises a second question for our consideration.

## II.

Defendant contends that we should construe 28 V.S.A. § 253,[2] which authorizes modification of conditions of probation, to require a showing of change of circumstances amounting to good cause for permitting imposition of more-restrictive conditions of probation. The State, on the other hand, argues that such modification is simply an exercise of judicial discretion.

Subsection 253(a) authorizes a district court to make modifications such as those made in the present case. The statute is silent, however, as to the necessary preconditions for modification. Although subsection 253(b) requires a hearing before modification, the literal language does not specify what showing, if any, is required to impose a more-restrictive probationary sentence. The State argues in this case that a court has complete discretion, even without a change in a probationer's circumstances, to set more burdensome terms of probation whenever the court "believes that it is in the best interest of society."

Such an argument ignores the contract-like nature of a probation agreement. We have said that "probation represents a choice of options. It is fundamental to probation that its format is contractual . . . ." *Sherwin* v. *Hogan,* 136 Vt. 606, 609, 401 A.2d 895, 896 (1979). Changing the terms of probation without either the probationer's consent[3] or a change in circumstances betrays the justifiable expectation that the agreement will be honored.

We are not alone in this view that a change of circumstances is necessary before more serious conditions of probation may be imposed. Construing Fla. Stat. Ann. § 948.03(2),[4] a provision comparable in content to 28 V.S.A. § 253, a Florida Court of Appeals has held that adding new conditions to a previously imposed pro-

---

[2] Subsections (a) and (b) of 28 V.S.A. §§ 253 provide:

    (a) During the period of probation, the court, on application of a probation officer or of the offender, or on its own motion, may modify the requirements imposed upon the offender or add further requirements authorized by section 252 of this title.

    (b) Whenever the court proposes any modification of the conditions of probation, the probationer shall have a reasonable opportunity to contest the modification prior to its imposition.

[3] The State does not contend that defendant agreed to the modifications. Although he signed the order modifying his conditions of probation, he did so only after objecting, announcing his intent to appeal, and being threatened with incarceration if he did not sign the revised probation agreement.

[4] This provision is now contained in Fla. Stat. Ann. § 948.03(4) (West 1985).

bationary sentence is not authorized by the statute in the absence of a probationer's violation of the original conditions. *Carmo v. State*, 378 So. 2d 850, 851 (Fla. Dist. Ct. App. 1979).

Likewise, although Cal. Penal Code § 1203.3 provides in pertinent part that "[t]he court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence[,]" a California Court of Appeals has reasoned that there are limits on the power of modification:

> Among the limitations imposed upon the court's power to modify is that such an order cannot be based on the same facts as the original order granting probation because such a modification is in excess of the court's jurisdiction for the reason that there is no factual basis to support it.

*People v. Miller*, 256 Cal. App. 2d 348, 353-54, 64 Cal. Rptr. 20, 24 (1967) (citations omitted).

Also, construing Ill. Rev. Stat. ch. 38, § 1005-6-4(f), a statute similar in content to 28 V.S.A. § 253, the Supreme Court of Illinois has in dictum explained that "[t]he legislature appears to have intended that section to vest the trial courts with authority to deal with *changing conditions* during the probation periods." *People v. Tipton*, 88 Ill. 2d 256, 264-65, 430 N.E.2d 1023, 1027 (1981) (emphasis added).

Both the American Law Institute and the American Bar Association's Task Force on Sentencing Alternatives and Procedures indicate that an increase in the conditions of probation requires application of the same procedural safeguards as would be imposed for revocation of probation following a violation of its terms. See *Model Penal Code* § 301.4 (1985); 3 *Standards for Criminal Justice* 18-7.3(b) and 18-7.5 (2d ed. 1980).

█ Accordingly, we reject the State's contention in the present case that a judge has discretion to impose stricter conditions during a period of probation without any change in a probationer's behavior. We need not decide whether violation of a condition of probation is necessary before a court can impose stricter conditions. That is not at issue here. We conclude, however, that at a minimum a significant change in a probationer's circumstances must be established to provide sufficient cause for imposing harsher or more-restrictive conditions on a probationary sentence. Inasmuch as no such significant change in the defendant's

circumstances[5] appears on the record of this case, we hold that the district court's modification of defendant's conditions of probation was error.

*Reversed and remanded for reinstatement of the original conditions of probation.*

---

[5] The State suggests that defendant's argument has become moot due to violations of probationary conditions occurring since this appeal began. Such a contention is in error since the alleged violations are of *new* conditions added in the order of modification here at issue.