## State of Vermont v. Rick Cox

[519 A.2d 1144]

No. 84-105

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed October 10, 1986

Motion to Reargue Denied November 3, 1986

*Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *Henry Hinton* and *William A. Nelson*, Appellate Defenders, Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant Richard Cox was convicted of three counts of simple assault in violation of 13 V.S.A. § 1023(a)(3). Originally charged with kidnapping, defendant entered nolo pleas to the amended charges and was sentenced to three consecutive terms of six to twelve months. Defendant raises two claims on appeal: (1) the sentencing court relied on information in the presentence report that was obtained in violation of defendant's privilege against self-incrimination and defendant's right to counsel; and (2) the sentencing court's reliance on unverified allegations of defendant's prior criminal activity violated the rule of *State* v. *Williams*, 137 Vt. 360, 364, 406 A.2d 375, 377 (1979), *cert. denied*, 444 U.S. 1048 (1980).

After defendant's conviction, the trial court ordered a presentence investigation (PSI), including an interview of defendant by the Department of Corrections pursuant to V.R.Cr.P. 32(c) (1). At sentencing, the court imposed a sentence that exceeded the recommendations of both parties, yet was within the statutory limits for the offense. 13 V.S.A. § 1023(b).

Defendant claims the sentencing judge relied on statements in the PSI that were taken after he asserted his Fifth Amendment privilege against self-incrimination, and that he made the statements involuntarily. We agree. Because we vacate defendant's sentence on the basis of his constitutional claim under the Fifth Amendment, we do not address his other claims.

The record reveals that a PSI interview was scheduled at the correctional institution where defendant was incarcerated awaiting sentencing. A public defender representing defendant sent an investigator from her office to offer assistance to defendant on the day of the interview. The investigator had not arrived when the probation officer began the interview with defendant. Defendant made a request to speak with the investigator from the public defender's office prior to answering any questions; the officer, however, indicated she would abandon the interview if defendant chose to await the arrival of the investigator.

█ The self-incrimination clause of the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, *Malloy* v. *Hogan*, 378 U.S.

1, 6 (1964), provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The appellee, State of Vermont, argues that defendant waived his privilege against self-incrimination upon entry of his nolo contendere plea. V.R.Cr.P. 11(c)(4).

■ A nolo contendere plea is one "by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." *North Carolina* v. *Alford*, 400 U.S. 25, 35 (1970) (footnote and citation omitted); see also *In re McMorrow*, 133 Vt. 472, 474, 346 A.2d 218, 220 (1975) (although defendant does not admit guilt with nolo contendere plea, right to jury trial, privilege against self-incrimination and right to be confronted by accusers are waived); V.R.Cr.P. 11(c)(4) (plea of guilty or nolo contendere waives "the privilege against self-incrimination, the right to a trial by jury or otherwise, and the right to be confronted with the witnesses against him").

The waiver of the privilege against self-incrimination, however, relates only to the determination of guilt or innocence of the crime for which the plea is entered. *United States* v. *Johnson*, 488 F.2d 1206, 1209 (1st Cir. 1973). "While a defendant . . . waiv[es] the privilege with respect to the particular crime, . . . he would have no reason to suppose that he was otherwise forfeiting the privilege." *Id.* at 1210 (citation omitted); see *United States* v. *Miller*, 771 F.2d 1219, 1235 (9th Cir. 1985) (defendant "retained his Fifth Amendment rights while awaiting sentencing" despite nolo plea). More specifically, "[a] defendant who has pleaded guilty but who is awaiting sentencing may invoke the Fifth Amendment privilege against self-incrimination in order to prevent the possible enhancement of his sentence." *United States* v. *Wilson*, 598 F. Supp. 138, 142 (E.D. Pa. 1984) (citing, among other cases, *Estelle* v. *Smith*, 451 U.S. 454, 462-63 (1981) ("We can discern no basis to distinguish between the guilt and penalty phases of [a defendant's] trial so far as the protection of the Fifth Amendment privilege is concerned.")).

The State argues further that even if defendant possessed the Fifth Amendment right not to incriminate himself, he failed to exercise or assert the privilege at the PSI interview. The transcript of the sentencing hearing, however, does not support the State's contention. Defense counsel informed the court that

> when the Probation Officer came to interview our client we
> in fact arranged for our investigator to go down and talk
> with him to prepare him for what would be coming forward,
> and he indicated to the Probation Officer that he really
> didn't want to talk to her until [the investigator on the case]
> was there . . . . And she indicated to him that that was fine
> but she wouldn't come back again. And made him feel as
> though he would have no opportunity to consult with us
> before talking with her. So that much of the material which
> has been included . . . are things that our client would have
> been advised about had he had an opportunity to speak with
> us first.

This statement, uncontroverted by the State, reveals defendant's reluctance to provide information to the probation officer before speaking to the investigator from the public defender's office.

We note that defendant asked for an investigator rather than an attorney. In *Fare* v. *Michael C.*, 442 U.S. 707, 724 (1979), the United States Supreme Court held that a juvenile defendant's request, made during custodial interrogation, for his probation officer is not a per se invocation of the defendant's Fifth Amendment rights. In so holding, the Supreme Court distinguished between the role of a probation officer and the role of an attorney in the criminal justice system. *Id.* at 719-24. The Court observed that a "probation officer is [an] employee of the State which seeks to prosecute the alleged offender[,]" *id.* at 720, and that the duties of a probation officer may often be "incompatible with the view that he may act as a counselor to a juvenile accused of crime." *Id.* at 720 n.5. Finally, the Court stated that "courts may take into account such a request in evaluating whether a juvenile in fact had waived his Fifth Amendment rights . . . ." and that the question of waiver is to be determined "upon an inquiry into the totality of the circumstances surrounding the interrogation . . . ." *Id.* at 724-25.

This Court has noted that " '[v]aluable rights are not lost through their inartful assertion . . . . ' " *State* v. *Mosher*, 143 Vt. 197, 203, 465 A.2d 261, 264 (1983) (quoting *United States* v. *Crowder*, 691 F.2d 280, 282 (6th Cir. 1982)). In the case at hand, defendant, by indicating a desire to confer with the investigator for the public defender's office, demonstrated his concern that additional legal advice was necessary before proceeding with the in-

terview. The investigator, an employee of defendant's legal representative, was clearly allied with defendant, a position much different from that occupied by a probation officer.

The record in this case reveals that the probation officer told defendant that if he delayed the PSI interview to confer with the investigator, she would abandon the interview. The officer, though not expressly denying defendant the right to additional legal consultation prior to questioning, conditioned the exercise of the right on his forfeiture of the interview itself. If defendant maintained his silence until he had the opportunity to speak with the investigator, he would have had no need for additional advice because, according to the probation officer, there would have been no PSI interview. In essence, defendant was presented with two choices: (1) to await the investigator and forfeit the interview, or (2) to proceed with the interview without additional advice. Additionally, defendant was incarcerated at the time of the PSI interview. See *Jones* v. *Cardwell*, 686 F.2d 754, 757 (9th Cir. 1982) (fact that defendant was in jail awaiting sentencing is a factor to be considered in determining voluntariness of statements made during PSI interview).

■ "The sentencing court should refuse to consider the defendant's statement in a pre-sentence report where the statement is demonstrated to have been under all the circumstances, involuntary as induced by violence, threats, promises, or other improper influence." *Burch* v. *State*, 450 N.E.2d 528, 530 (Ind. 1983); see also *Jones* v. *Cardwell, supra,* 686 F.2d at 757 (where jailed petitioner was instructed he had no choice but to answer questions put to him by probation officer during PSI, his confession of other crimes, extracted without warning as to the consequences, was a violation of his Fifth Amendment rights). We consider the condition under which defendant continued with the PSI interview to be coercive, thereby rendering defendant's statements involuntary, in violation of his rights under the Fifth Amendment.

Finally, the State argues that even if defendant's Fifth Amendment privilege against self-incrimination was violated, the sentencing court had identical information properly before it from the independent source of one victim's statement, also included in the PSI report. We agree that some of the objectionable material regarding defendant's drug-related activities was included in the victim's version. In defendant's version, however, the probation

officer reported additional, more-detailed statements, rendering the State's argument unpersuasive.

We also cannot agree with the State's claim that defendant failed to show that the sentencing judge relied on defendant's statements during sentencing. Again, the record does not support the State's contention. The judge stated that

> Your report indicates that you have had a substantial amount of contact with drugs and drug abuse in the past. Whether or not your trip to Vermont was a travelling of a merchant, I don't know. From what some of the things you said that it may have been.

We conclude that consideration by the sentencing judge of defendant's incriminating statements made after he requested consultation violated defendant's Fifth Amendment rights.

*Sentence vacated. The PSI report is to be stricken from the file; case remanded for preparation of a new PSI report and re-sentencing before a trial judge who has not reviewed the stricken presentence report.*