## State of Vermont v. Raymond H. Peck

[547 A.2d 1329]

No. 86-561

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed April 29, 1988

*Jeffrey L. Amestoy,* Attorney General, Montpelier, and *Herbert W. Olson,* Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*Joyce. W. Chang* of *Davis & Rounds,* P.C., Windsor, for Defendant-Appellant.

**Peck, J.** Defendant appeals the district court's revocation of his probation. We affirm.

The original charge against defendant was a violation of 13 V.S.A. § 2602: committing a lewd and lascivious act upon the body of a child under the age of sixteen. As the result of a plea agreement, however, the State amended the charge to simple assault, 13 V.S.A. § 1023. Defendant entered a plea of nolo contendere to the amended charge and was adjudged guilty. The sentencing judge reviewed a presentence investigation report in which mental health professionals expressed the opinion that defendant was likely to become a repeat offender if not treated, and that he conceded some sexual contact with the child victim, but he "doesn't believe it was any big deal and [claims that he] would have stopped if she didn't like it."

The judge informed defendant at sentencing that his misconduct was serious and that he should realize the gravity of the sexual offense. The judge also discussed the effect of the tragedy on the young girl's life and expressed a reluctance to order probation. Nevertheless, after discussing terms with defendant's attorney, probation was ordered.

Defendant signed and concurred in the conditions of the probation agreement, which included a provision requiring him to participate in and complete mental health counseling to the full satisfaction of his probation officer. The present controversy arose after the probation officer directed him to attend and participate in a sexual offender's counseling group. Defendant was informed at the outset that admitting a sex offense was a prerequisite to successful completion of the counseling and that failure to do so would result in termination from the group. He attended for a total of six months but continually refused to admit the offense; as a result of his denial, he was finally terminated from the group, and subsequently cited for a violation of probation.

At the revocation hearing, the court concluded that defendant's failure to complete counseling was a violation of the probation

condition. On that basis, his probation was revoked, and he was sentenced to the original term: six months to one year, all suspended but sixty days to be served. The sentence was stayed pending this appeal.

Defendant attacks the probation revocation on three principal grounds. He argues that: (1) the court denied him due process by revoking his probation without fair warning that failure to admit the sexual offense in group therapy would violate the condition of his probation; (2) the sentencing court wrongly considered the facts of the sex offense when the plea of nolo contendere should have limited the court to the elements of simple assault; (3) the probation condition which required defendant to participate in a sexual offender's treatment program was not reasonably related to the crime of simple assault. We examine these three issues seriatim; two other issues raised by defendant do not require extensive review.*

## I.

Defendant asserts that the judge abused his discretion and violated defendant's constitutional guarantee of due process by revoking his probation because defendant was not explicitly informed that failure to admit the sexual offense would constitute a violation.

We agree that due process requires that a convicted offender be given fair notice as to what acts may constitute a violation of his probation, thereby subjecting him to loss of liberty. *United States* v. *Dane*, 570 F.2d 840, 843 (9th Cir. 1977), *cert. denied*, 436 U.S. 959 (1978); *State* v. *Bubar*, 146 Vt. 398, 405, 505 A.2d 1197, 1201 (1985); cf. *Gagnon* v. *Scarpelli*, 411 U.S. 778, 791 (1973). In Vermont, 28 V.S.A. § 252(c) provides that an offender placed on probation be given a certificate explicitly setting forth the conditions of his release. Fair notice can also be provided by

---

* Defendant claims that the state illegally modified his probation conditions to require participation in the sexual offender's counseling program and that the sentence violated 13 V.S.A. § 7002 (a defendant may not be punished for an offense unless it is validated by judgment of conviction). These claims have no merit. First, we find that the probation condition was never modified because the probation officer acted only pursuant to the original probation condition. Cf. *State* v. *Day*, 147 Vt. 93, 511 A.2d 995 (1986). Second, the sentence is appropriate under 13 V.S.A. § 7002; defendant was lawfully convicted of simple assault and sentenced for that crime.

the instructions and directions given to defendant by his or her probation officer. *United States* v. *Spilotro*, 562 F. Supp. 853, 855 (D. Nev. 1983); see also *United States* v. *Romero*, 676 F.2d 406, 407 (9th Cir. 1982) (probationer may be guided by the probation condition, directions of the probation officer and instructions of the district court).

In this case, however, the court properly determined that defendant had fair notice that his conduct constituted a probation violation. There is ample support in the record for the court's determination that: "As found in the facts stated on the record, it is abundantly clear that the defendant understood the terms of his probation and simply chose not to abide by them." See *Collins* v. *Boudreau*, 141 Vt. 129, 131, 446 A.2d 341, 342 (1982) (if there is "any credible evidence fairly and reasonably tending to support them, the findings will stand.").

First, defendant signed the probation condition which stated: "attend and participate in mental health counseling, treatment and rehabilitation as directed by [his] probation officer and complete [it] to the full satisfaction of [the] probation officer." The signed agreement makes it evident that defendant was aware that the probation condition required counseling and that he must complete such counseling to the full satisfaction of his probation officer. In addition, defendant received directions from his probation officer to participate in the sexual offender's group, which indicated that successful completion of the program was a prerequisite to satisfying the above condition of his probation. Finally, when he attended the group he was told at the outset that he would have to take responsibility for his conduct in order to successfully complete the counseling program. We note that, at the time, defendant had ample opportunity to approach his probation officer and ask for a different type of counseling. Instead, he continued to attend the sessions, refusing to admit any sex-related misconduct; after a series of warnings that he must do so, he was terminated from the group. Under these circumstances, we conclude there was no error in the court's finding that defendant's refusal to admit the offense in the sex offender's group constituted a knowing failure to "complete counseling to the full satisfaction" of his probation officer. Cf. *Cliche* v. *Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983) (to overturn a trial court's findings we must determine that they were clearly erroneous).

Moreover, in the presentence investigation report there was evidence that defendant told his social services caseworker that he "would have stopped if she didn't like it." Thus, there appears to be no possibility here of a Catch-22 situation in which defendant must admit to a criminal act which he denies, and in fact may not have committed, or otherwise be punished if he persists in refusing. Cf. *State* v. *Parker*, 149 Vt. 393, 545 A.2d 512 (1988). Defendant admitted the facts of his behavior by his statement to the caseworker, but at the same time, he refused to acknowledge the severity of the misconduct or admit responsibility for his behavior. Because he refused to participate fully in treatment and further probation was unlikely to lead to rehabilitation, revocation of probation was the proper measure.

When a violation of probation is established, the trial court has discretion to revoke probation and require the original sentence to be served. 28 V.S.A. § 304(a). Absent a showing that the trial court abused or withheld its discretion, the enforcement of the original sentence after a finding of violation of probation is without error. *State* v. *Therrien*, 140 Vt. 625, 628, 442 A.2d 1299, 1301 (1982); 28 V.S.A. § 304.

■ The decision to revoke an offender's probation must be made in consideration of two central concerns of the probation system, which are the successful treatment of the offender and the safety of the community. 28 V.S.A. § 303(b). Here, both concerns favor revocation. Defendant refused to accept responsibility for the offense and was not progressing toward rehabilitation.

In addition, the presentence investigation report expressed the opinion that defendant was a probable recidivist. When he refused to participate in treatment to the full extent required of him, he was voluntarily refusing the rehabilitation efforts which he agreed to undertake when he signed the probation contract. Under these circumstances, the judge was well within the proper scope of his discretionary power in revoking defendant's probation. See *Therrien*, 140 Vt. at 627-28, 442 A.2d at 1301.

## II.

Defendant next contends that the probation condition was inappropriate. He claims that the sentencing court abused its discretion by looking beyond the nolo contendere plea to mandate rehabilitation based on the sexual misconduct which formed the

basis for the simple assault charge. He argues that he never admitted to the underlying facts of the crime; he pled nolo contendere in an effort to avoid trial and expense, not because he was admitting guilt. He contends that the sentence was, therefore, improper because it was based on alleged conduct for which he had not been convicted.

■ In Vermont, a nolo contendere plea does not require a factual inquiry. V.R.Cr.P. 11(f), Reporter's Notes. The rule recognizes that a defendant who enters such a plea may have sound reasons for wishing to avoid trial, such as fear of the evidence or desire to avoid public display. *Id.* However, a plea of nolo has the same effect as a plea of guilty and authorizes the court for the purposes of the case to treat defendant as though he were guilty. *State* v. *Cox*, 147 Vt. 421, 423, 519 A.2d 1144, 1145 (1986).

In this case, the sentencing court properly considered the sexual nature of the assault. The court was not precluded from relying on all aspects of defendant's violation. See *id.* Furthermore, the information which formed that basis for the criminal charge, as well as the presentence investigation report, both revealed the sexual basis for the charge. The facts and the nature of the misconduct were part of the record and were discussed without objection at the sentencing hearing. We conclude, therefore, that the court and the probation officer properly considered the sexual nature of the criminal conduct when prescribing and enforcing the conditions of probation. Defendant has not demonstrated an abuse of discretion, and it was his burden to do so. *State* v. *Patch*, 145 Vt. 344, 353, 488 A.2d 755, 761 (1985).

## III.

■ Defendant asserts that the probation condition which resulted in his mandatory participation in a sexual offender's counseling group is not reasonably related to the conviction for simple assault.

In Vermont, sentencing courts may impose probation conditions that are reasonably related to the rehabilitation of the defendant. See 28 V.S.A. § 252(b)(13). The court must enact conditions of probation which "in its discretion [it] deems reasonably necessary to ensure that the offender will lead a law-abiding life or to assist him to do so." 28 V.S.A. § 252(a); see also *Bubar*, 146 Vt. at 405, 505 A.2d at 1202 (court has great discretion in setting

conditions of probation). Thus, a condition is valid if the conduct it requires is not itself criminal and is reasonably related to the crime of which the defendant was convicted. See *State* v. *Barnett*, 110 Vt. 221, 232, 3 A.2d 521, 526 (1939) (probation condition not illegal unless it is injurious to interests of public or contravenes some established interest of society); *People* v. *Lent*, 15 Cal. 3d 481, 486, 541 P.2d 545, 548, 124 Cal. Rptr. 905, 908 (1975); *Wilkenson* v. *State*, 388 So. 2d 1322, 1322-23 (Fla. 1980).

In this case, we find that the trial court did not abuse its discretion by ordering counseling as a condition of probation. Completion of counseling in a sex offender's group is reasonably related to the crime of simple assault when the assault was of a sexual nature. In addition, participation in sex offender's counseling may serve to protect the public against similar misconduct in the future. Cf. *Lent*, 15 Cal. 3d at 486, 541 P.2d at 548, 124 Cal. Rptr. at 908. The sentencing court did not abuse its discretion in prescribing counseling as a condition of probation.

*Affirmed.*