### State of Vermont v. Stephen Foster

[561 A.2d 107]

No. 87-084

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed April 21, 1989

*Jeffrey L. Amestoy, Attorney General,* and *Susan R. Harritt, Assistant Attorney General,* Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General,* and *William A. Nelson* and *Henry Hinton, Appellate Defenders,* Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant appeals the revocation of his probation and the imposition of his underlying prison sentence of three to six years imprisonment with credit for time served. We affirm.

Defendant was placed on probation on May 21, 1985, after pleading nolo contendere to a charge of sexually assaulting his twelve year old stepniece. His original probation order stated that he would "actively participate in mental health counseling related to sexual offending potential," and "receive mental health counseling if and only if the screening indicates that there is likelihood that you may commit another sexual crime." This order also stated that defendant would not "use alcoholic beverages to the extent they interfere with . . . the welfare of your family, yourself, or any other person."

Defendant was charged with violating the above probation conditions, and a probation violation hearing was held on November 7, 1986. At that hearing, the trial court found that defendant had "violated the conditions here. You have failed to report. You have been intoxicated. You haven't kept appointments [for] mental health [counseling]." The court decided to keep defendant on probation but to impose substitute and further conditions.

> Court is going to warn you that future violations may result in revocation and you will be ordered to serve that 3-to-6 years. I'm going to continue you on probation, but you are not to touch a drop of alcohol from this moment on. If you so much as raise it to your lips, you are asking to go 3-to-6 years. You are also to go ahead and get this mental health counseling, and you are to comply with all the other terms and conditions of probation to the letter. If you slip once, you are asking for the keys to the jail. . . .
>
> There is no question now in your mind of what's expected of you?
>
> The Defendant: No, sir.
>
> . . . .

> The Court: You are to get in there and get that screening accomplished before December 1, 1986. Otherwise, you will be in violation again. That's going to be hanging over your head so you have over a month to get busy with that; make your appointments; make your appearance; save your pennies.

Thereafter, a written "modified probation order" was signed on November 12, 1986. On November 21, 1986, the order was signed by defendant and the probation officer. Defendant's signature constituted an agreement to comply with the amended conditions.

On December 9, 1986, a second probation violation complaint was brought against defendant. This violation complaint alleged that defendant continued to drink in clear violation of the modified probation order and that defendant ignored the requirement that he pursue and complete his mental health screening before December 1, 1986. The record shows that defendant admitted a continued use of alcohol after the November 7, 1986 hearing. The record also shows that defendant missed two out of three mental health screening appointments and refused to discuss the details of his offense at the appointment he kept.

At the January 23, 1987 hearing, the trial court found:

> [Defendant's] failure to discuss the offense, or failure to admit a need or continue treatment or willingness to go through treatment, indicates that the [d]efendant does pose a higher risk to re-offend due to this unwillingness to participate in screening or to discuss the offense at all.
>
> Additionally, the [d]efendant admitted to his probation officer that since the modified condition prohibiting his use of alcohol went into effect that, in fact, he did drink.
>
> Also, there has been evidence presented that he has been drinking since the condition went into effect prohibiting consumption of alcohol.
>
> Although the [d]efendant's girl friend has called up Howard Mental Health to continue treatment, the Court finds that a girl friend's phone call requesting that treatment be continued after December 1, which was the date which screening was to be completed by, doesn't even come close to showing any indication on Mr. Foster's part that he is

interested in completing or participating in screening and counseling.

The trial court therefore revoked defendant's probation and ordered him to serve the underlying sentence.

Defendant makes three arguments on appeal: (1) the State produced insufficient evidence to show that the defendant violated the prohibition against his drinking alcohol; (2) the State produced insufficient evidence to show that defendant willfully failed to complete mental health screening; and (3) defendant's assertion that he could not afford the psychologist's fee made revocation of probation for failure to complete mental health screening unconstitutional.

Defendant's first argument centers on the timing of the amendment to the probation conditions in relation to timing of the alleged alcohol condition. Defendant argues that the amended condition could go into effect only on the date it was accepted in writing by defendant — i.e., November 21, 1986 — and the evidence of defendant's drinking related solely to the period between November 7, 1986 when the violation hearing occurred and November 21, 1986 when defendant signed the amended order. Under this argument, the oral order on the record on November 7, 1986 that "you are not to touch a drop of alcohol from this moment on" was of no effect.

This Court has emphasized in the past that "[i]t is fundamental to probation that its format is contractual, that the probation agreement is in writing and consent is indicated by the signature of the probationer." *Sherwin* v. *Hogan,* 136 Vt. 606, 609, 401 A.2d 895, 896-97 (1979). Thus, we have recently held that conditions of probation cannot be modified without the probationer's consent or a finding of changed circumstances. *State* v. *Day,* 147 Vt. 93, 96, 511 A.2d 995, 998 (1986). The contractual nature of probation does not, however, help defendant in this case.

It is clear from the record that the agreement in this case was that defendant would not consume alcohol from the date the trial court placed the new probation condition on the record after finding that defendant violated the former conditions of probation. The court specifically stated that the condition applied "from this moment on." The court asked the defendant if he understood, and the defendant answered affirmatively. The written order, and the defendant's signature on it, represented the formal agreement

to the conditions but did not establish their effective date. The alcohol condition to which defendant agreed operated retroactively to the date the condition was imposed on the record.[1]

There is a second reason why the effective date of the alcohol condition is not the date that defendant signed the order. In *State* v. *Day* we held that the court could modify conditions of probation without the defendant's consent where a "change in circumstances betrays the justifiable expectation that the agreement will be honored." 147 Vt. at 96, 511 A.2d at 998. Certainly the violation of the prior conditions demonstrated such a change in circumstances. Thus, defendant's agreement to the new condition was unnecessary, and the condition became effective when the court ordered it.[2]

Viewed in the light most favorable to the State, see *State* v. *Millard,* 149 Vt. at 384, 543 A.2d at 701, the evidence showed that defendant consumed alcohol on November 20th and on other occasions. Thus, the court's finding that the no-alcohol condition was violated is supported by the record and must be affirmed. See *id.* at 386, 543 A.2d at 702; *State* v. *Peck,* 149 Vt. at 620, 547 A.2d at 1331.

■ Defendant's second argument is also without merit. The trial court found that defendant failed to complete mental health screening because he failed to appear at two out of three screening appointments and he refused to talk about the offense with the psychologist. These findings are supported by the preponderance of the evidence. See *State* v. *Millard,* 149 Vt. at 385-86, 543 A.2d at 701. Accordingly, they must stand.

In essence, defendant's argument is that the omissions found by the trial court do not add up to a failure to complete screening. We agree with defendant that the real problem here was de-

---

[1] It is also relevant that both the trial court and the defendant treated the condition as retroactive to the date it was imposed on the record by the trial judge. The argument that the condition applied only from the date of defendant's written signature forward was never raised in the trial court; it is raised for the first time on appeal. In any event, it is for the trial court to determine the terms of probation. See *State* v. *Millard,* 149 Vt. 384, 387, 543 A.2d 700, 702 (1988). The trial court's determination here is not clearly erroneous and must be upheld on appeal. See *State* v. *Peck,* 149 Vt. 617, 620, 547 A.2d 1329, 1331 (1988) (citing *Cliche* v. *Cliche,* 143 Vt. 301, 306, 466 A.2d 314, 316 (1983)).

[2] For purpose of this case, it makes no difference whether we take the date of the oral order, November 7, or the date of the written order, November 12. The evidence showed that defendant consumed alcohol after either of those dates.

fendant's refusal to discuss the actions for which he was convicted. Because the psychologist indicated that no further appointments or meetings were necessary or appropriate as a result of defendant's refusal to cooperate in discussing the offense, defendant argues that screening was completed and the probation condition was complied with. We believe that the trial court could conclude that defendant's refusal to cooperate with the psychologist did not "complete" screening within the meaning of the probation condition. Since the construction of the probation condition was for the trial court, we must affirm its conclusion.

Defendant further argues that if the probation condition is to be construed so that defendant's conduct was a violation, defendant lacked fair warning of what was expected of him. In *State* v. *Peck* this Court affirmed the revocation of probation of a defendant who refused to admit the sexual offense for which he was convicted and, therefore, violated a condition that he participate and complete counseling. Specifically, we held that the probation condition gave defendant fair warning that the failure to admit the underlying offense during counseling would be a violation. 149 Vt. at 620, 547 A.2d at 1331. This case has some of the same elements as *Peck*. As in *Peck,* we believe that the trial court could conclude that the probation condition, combined with the instructions from the probation officer, gave defendant fair notice that a refusal to cooperate with the psychologist was a failure to complete screening.[3]

Defendant's final contention is that his inability to pay was the cause of his failure to complete screening and that probation may not be revoked for this reason. He relies on the holding of the United States Supreme Court in *Bearden* v. *Georgia,* 461 U.S. 660, 667-68 (1983), that "if the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." While we recognize the holding of *Bearden,* we do not believe that the record supports its application in this case.

Defendant's violation of probation was that he failed to appear for scheduled appointments with a psychologist and that he

---

[3] We note that like the defendant in *State* v. *Peck,* the defendant in this case admitted committing the underlying offense despite his nolo contendere plea. 149 Vt. at 620, 547 A.2d at 1331.

drank after a ban on drinking was incorporated into his probation agreement. The record supports a finding that defendant was not billed for the psychologist visits, and that defendant's failure to make his appointments was not related to his concerns about being charged for the visits. A case may arise where a defendant intends to "actively participate" in mental health counseling or screening, yet cannot participate because of his inability to pay the costs. Such was not the case here.

*Affirmed.*