### State of Vermont v. Robert Hale

[400 A.2d 996]

No. 49-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Michael J. Sheehan,* Windsor County State's Attorney, White River Junction, for Plaintiff.

*James L. Morse,* Defender General, *Charles S. Martin* and *William A. Nelson,* Appellate Defenders, and *Jacqueline Coates,* Legal Assistant (On the Brief), Montpelier, for Defendant.

**Barney, C.J.** The defendant is contesting the revocation of his probation. The State alleges that he breached the condition of his probation agreement that states, "You shall not be convicted of another offense."

The facts are not in dispute. On September 20, 1977, the defendant was placed on probation under a suspended sentence after pleading guilty to daytime breaking and entering. His probation conditions included the one already quoted. On December 1, 1977, he pleaded guilty to criminal trespass for acts committed on September 12, 1977, before he was subject, to the probation agreement. On this plea he was fined, also receiving a suspended sentence of imprisonment and was given probation.

On December 13, 1977, based on the above events, he was charged with violating the terms of his agreement by being convicted of another offense during his probation. There is no claim of any misconduct during this time. The defendant's motion to dismiss the complaint was denied and he was found in violation, resulting in the revocation contested here. He has been ordered to serve part of his original sentence.

The State concedes that the crimes involved in the revocation were committed prior to the defendant being placed on probation. Its argument is simply that the plain language of the condition was breached.

This particular condition is the only one made mandatory by the statute, 28 V.S.A. § 252. The State argues that it con-

164

tains no language requiring that the conviction be for acts done after the imposition of probation, and therefore that the action of the lower court must be sustained. Although this argument is literally correct, its consequence is that a defendant in the circumstance of this probationer has, prior to entering the probation agreement, already put compliance beyond his control without any act of any kind of his during the probationary period. In effect, once he is charged with preprobationary criminal conduct, his continuance on probation depends entirely on the activities of the prosecutor. By the theory advanced by the State, probation could be terminated by the successful prosecution of this outstanding crime during probation. The same result would follow if there were a criminal charge outstanding not disposed of under the sentencing at which probation was assigned. The prosecutor could then, at his option, bring the charge forward to end probation.

In point of fact this is both a view of probationary requirements contrary to its announced purpose and a superfluous prosecutory advantage. As to the purposes of probation it has many times been categorized as rehabilitative. *In re Parker*, 107 Vt. 463, 470, 181 A. 106 (1935). Its purpose is to provide the opportunity for a defendant to voluntarily condition his behavior according to the requirements of the law and to test his ability to do so. 28 V.S.A. § 252; ABA Standards, Probation § 1.2 (1970). As such it is prospective, based on a promise of future conduct. To arbitrarily withdraw it without any violative act on the defendant's part is to reduce the State's performance to something close to capricious, and a departure from the statutory objectives.

Nor is it a remedy needed by the prosecution. The corrective change in the situation where unpunished criminal activity is revealed can occur at the time of sentencing for that crime. Retraction of probation, to be consistent with the objectives of its statutory justification, should be reserved for behavior that breaches its conditions after the probationary agreement is entered into. For that reason we hold that, in a given disposition, revocation must be based on some act or failure to act on the part of a probationer that occurs after he agrees to the conditions of his particular probation. This is

reflected in the ABA Standards, Probation § 3.2 and comment at 46–47 (1970).

It seems that this is not an unexpected holding. According to the affidavit of the probation officer in this case, he told the defendant that he would be considered to have violated his probation "should he commit any new offense." The lower court, in its findings and conclusions, referred to a plea agreement applying to the December 1 conviction. Part of that dealt with the disposition to be made of the defendant in the event he was charged with a violation of probation. Based on our holding here, that part of the plea agreement lacks the support of an enforceable violation of probation and cannot overcome our ruling that the complaint of breach of probation must be dismissed as unfounded.

*The order of revocation of probation is vacated and the complaint dismissed.*