# State of Vermont v. Steven Millard

[543 A.2d 700]

No. 87-036

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 26, 1988

*Theresa St. Helaire*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Katherine A. Hayes* of *Barre, Sternberg & Moss, P.C.*, Bennington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals the revocation of his probation for failure to attend alcohol treatment sessions imposed as a condition of probation following two prior convictions. Defendant challenges the sufficiency of the evidence against him and the adequacy of the district court's findings. We affirm.

Viewing the evidence in the light most favorable to the prevailing party, *State v. Jaramillo*, 140 Vt. 206, 208, 436 A.2d 757, 759 (1981), the record reveals the following facts. Defendant was convicted on May 22, 1984, of driving while under the influence

(DUI) and given a suspended sentence and probation. The conditions of his probation included abstinence from alcohol, attendance at the CRASH program, attendance at alcohol screening, attendance at counseling sessions, and participation in an alcoholism treatment program selected by his probation officer. On June 18, 1985, defendant was convicted of leaving the scene of an accident (LSA). He again received a suspended sentence and probation, which included the above-mentioned conditions, as well as the payment of a fine, restitution, and a separate fine in another case. Following this conviction, the probation officer enrolled defendant in an outpatient alcohol treatment group conducted by a therapist at United Counseling Services.

Defendant, after failing to attend several alcohol treatment sessions, met with his probation officer and agreed to resume treatment. Defendant also met with his therapist in order to resume treatment. Defendant and his therapist agreed that defendant would attend biweekly meetings of Alcoholics Anonymous for six weeks. They also agreed that defendant would complete four individual therapy sessions with his therapist. The first individual session was scheduled to take place on November 19, 1986, but defendant failed to attend. Consequently, his probation officer filed the two violation-of-probation complaints that are the subject of this appeal.

At the probation revocation hearing, the district court found that defendant had violated the conditions of his probation. The court then revoked his probation, and committed him to two months' incarceration. Defendant appeals, arguing that the evidence presented at the revocation hearing was insufficient to show that he had violated the conditions of his probation, and that the trial court's findings failed to show the necessity of incarceration.

A court may revoke probation only after the State has established an alleged violation by a preponderance of the evidence. 28 V.S.A. § 302(a)(4). The State must present evidence to prove that defendant was on probation, the terms and conditions of his probation, and that defendant had failed or refused to abide by one or more of those conditions after entering into the probation agreement. *State v. Hale*, 137 Vt. 162, 164, 400 A.2d 996, 998 (1979). "If the State presents any credible evidence indicating a violation of conditions of probation [which is not rebutted by the defendant], the State will necessarily have met its burden of

proof by a preponderance of evidence." *State* v. *Begins,* 147 Vt. 295, 297, 514 A.2d 719, 721 (1986).

We find that ample evidence exists to show that defendant was on probation and that he understood he was on probation for both convictions. Defendant maintains that insufficient evidence was submitted by the State at his revocation hearing to show that the condition concerning attendance at alcohol treatment sessions applied to the probation imposed for his LSA conviction. Defendant readily admits this condition applied to the probation imposed for his DUI conviction. Although neither party submitted documentary evidence as to what probation conditions applied to which conviction, "[t]he transcript allows us to determine whether there was a factual basis for the court's oral findings and revocation of probation." *State* v. *Allen,* 145 Vt. 593, 598, 496 A.2d 168, 170 (1985).

Defendant contends that probation for the LSA conviction included only payment of restitution and two fines. This analysis ignores the obvious meaning of the probation officer's testimony. Defendant's probation officer testified that for the DUI conviction the conditions of defendant's probation included abstinence from alcohol, attending the CRASH program, alcohol screening, counseling treatment, "and in the later case [the LSA conviction] *also* a special condition regarding $150 fine, restitution, and $100 fine on another docket number." The probation officer's use of the word "also" and its placement in the sentence indicate that all of the conditions he listed before the word "and" pertained to both convictions and that the second conviction included additional conditions. A contrary interpretation would distort the meaning of the testimony.* Therefore, we find that sufficient evidence existed to show that the treatment condition applied to both the DUI and the LSA convictions.

■ Defendant also maintains that the State did not present evidence to prove that he had failed to abide by the conditions of his probation. The record indicates otherwise. Defendant's probation officer testified that on June 23, 1986, he had asked defend-

---

* Even assuming, arguendo, that the language is ambiguous, as defendant claims, it clearly would be within the province of the trial court to interpret such testimony and conclude, as we have, that the conditions applied to both convictions. Defendant has failed to show any abuse of discretion by the trial court in so interpreting the probation officer's testimony. See *State* v. *Therrien,* 140 Vt. 625, 628, 442 A.2d 1299, 1301 (1982).

ant to continue therapy, as required by defendant's conditions of probation. The probation officer further testified that he and defendant had agreed that defendant would continue counseling with defendant's therapist. Defendant's therapist testified that defendant failed to attend a number of his scheduled counseling sessions. The trial court could and did find that defendant had violated the treatment condition of his probation when he failed to continue the counseling.

Finally, defendant contends that the district court did not make adequate findings as required by 28 V.S.A. § 303(b) in order to show the necessity for confinement. Before a trial court may revoke probation and order confinement for violation of probation, the court must find at least one of the following:

> (1) Confinement is necessary to protect the community from further criminal activity by the probationer; or
> (2) The probationer is in need of correctional treatment which can most effectively be provided if he is confined; or
> (3) It would unduly depreciate the seriousness of the violation if probation were not revoked.

28 V.S.A. § 303(b).

A court need not specifically identify which of the alternatives set forth in § 303(b) it has employed so long as at least one readily supports the court's conclusion. See *Allen*, 145 Vt. at 598, 496 A.2d at 171 ("The court's finding that appellant has a severe alcohol problem and that probation could not help him was in all practical respects a finding that he was in need of correctional treatment which could best be provided by incarceration."). The court found that defendant had been unwilling to attend therapy sessions to solve his alcohol problem, and, therefore, his probation did not serve to correct his behavior. Where a probationer fails to attend treatment for alcohol abuse, a court may find that he is in need of correctional treatment which could best be provided by incarceration. We find that the court's conclusion satisfies § 303(b)(2).

*Affirmed.*