2012 VT 2

**STATE of Vermont v. Scott BLAISE**

[38 A.3d 1167]

Nos. 10-293, 10-294 & 10-295

¶ 1. January 6, 2012. Defendant Scott Blaise appeals from the decision of the Chittenden Superior Court, Criminal Division, that he violated three conditions of probation for his alleged failure to do the following: (1) adequately participate in

---

counseling as directed by his probation officer; (2) pay required fines; and (3) complete 140 hours of community service. On appeal, defendant argues that neither the court nor his probation officer imposed upon him a probation condition requiring him to attend and complete counseling at Teen Challenge, the program he stopped attending, and that the State failed to meet its burden of proving that he violated conditions related to community service or the payment of fines. We conclude that the State failed to prove that defendant violated any of the probation conditions for which he was charged and that the errors were not harmless because of a later admitted-to violation. Accordingly, we reverse.

¶ 2. The material undisputed facts are as follows. On May 17, 2007, defendant pled guilty in Grand Isle District Court to several charges: one count of driving with a suspended license, one count of grossly negligent operation of a motor vehicle, and one count of violation of conditions of release. The court sentenced defendant to a total of two to four and a half years, all suspended with probation. The probation conditions included a condition that if a probation officer or the court ordered defendant to go to any counseling or training program, he was required to do so and to participate to the satisfaction of his probation officer. Special conditions also required defendant to complete forty hours of community service and to pay certain fines and surcharges. Defendant was assigned to a Burlington probation and parole officer.

¶ 3. In April and June 2007, while on probation from the Grand Isle convictions, defendant was charged with several new crimes in Chittenden District Court. On October 1, 2007, he entered into a plea agreement involving the following charges: two counts of driving with a suspended license, one count of leaving the scene of an accident, and one count of

566

petit larceny. As a result of this agreement, defendant was sentenced to an aggregate of six to eighteen months, all suspended with a two-year term of probation. The probation conditions resulting from this second plea agreement again included a standard condition requiring defendant to attend any counseling or training program ordered by his probation officer or the court and to participate to the satisfaction of his probation officer. Special conditions additionally required defendant to perform 100 hours of community service and to pay certain fines to his probation officer "as directed on a schedule determined by your probation officer."

¶ 4. Before entering into the plea agreement covering the Chittenden charges, defendant enrolled himself in Teen Challenge, a faith-based residential counseling and substance abuse program located in Johnson. In August 2007, he reported to his Burlington probation officer that he was attending this counseling program. On October 10, defendant and the probation officer signed a probation contract. The contract stated that defendant was enrolled in Teen Challenge but did not address whether such counseling was required. It also contained requirements with respect to payment of fines and community service.

¶ 5. The Burlington probation officer initially continued to be assigned to defendant after he pled guilty to the additional charges in Chittenden County in October 2007. However, because defendant was attending Teen Challenge in a different county, his probation case was transferred later in October to the Morrisville probation and parole office, and he was assigned a Morrisville probation officer.

¶ 6. In January 2008, Teen Challenge notified the Morrisville probation officer that defendant had left the program, and the officer filed a violation of probation (VOP) complaint in defendant's Grand Isle case, alleging that defendant had violated probation by leaving Teen Challenge without reporting any change of address to his probation officer. Thereafter, in March 2008, the probation officer filed a second VOP complaint, this time in defendant's Chittenden County cases, alleging that defendant had violated probation by failing to participate in counseling to the satisfaction of his probation officer, by failing to pay his fines, and by failing to complete required community service hours.[1]

¶ 7. On May 6, 2008, the Chittenden District Court held a merits hearing on the March VOP complaint. Both probation officers testified. The Burlington officer testified to what she understood was the specific direction imposed under the court's probation condition that required defendant to attend counseling as deemed appropriate by his probation officer.

¶ 8. The Morrisville probation officer testified that he never received verification from defendant or from Teen Challenge that defendant had completed the full amount of community service hours required by his probation orders. He also explained that he had received no payment of fines from defendant, nor any documentation of payment, until after he filed his VOP complaint on March 26.

¶ 9. Following the presentation of testimony, the trial court concluded from the bench that defendant had violated the

[1] The Morrisville probation officer also filed an additional VOP complaint in the Chittenden cases on May 6, 2008. In this VOP complaint, he alleged defendant had violated his probation condition prohibiting violent or threatening behavior based on allegations from defendant's ex-girlfriend in a request for relief from abuse order. This last VOP complaint is not at issue in this appeal, except as it may affect whether error in the judgment on the other violations can be considered harmless, see *infra*, ¶¶ 26-27.

probation condition requiring him to participate in counseling as directed by his probation officer. The court explained,

> He went to Teen Challenge in . . . July or August of 2007. He left Teen Challenge in January, and at that point he was no longer attending counseling as directed by his probation officer, specifically, alcohol or substance abuse counseling. So the Court can find a violation that he did not attend counseling as directed.

The court also concluded that defendant had violated probation by failing to perform community service and by failing to pay required fines. The court declined, however, to find that defendant had violated probation by failing to report a change of address after leaving Teen Challenge. Sentencing was set for June 2, 2008.

¶ 10. Defendant's hearing on June 2, 2008 involved both sentencing for the VOPs adjudicated on May 6, 2008, and the consideration of an additional VOP claim, not at issue on appeal, for engaging in violent or threatening behavior. The parties came to this hearing with a "global resolution" proposing a two-and-a-half- to eight-year sentence to serve. This sentence took into account the VOPs determined at the May hearing and the VOP charge for violent or threatening behavior, which defendant admitted. As resolved by the parties, the court sentenced defendant to two and a half to eight years to serve.

¶ 11. Approximately two years after he was sentenced, defendant filed a petition for post-conviction relief (PCR), asserting that his defense counsel failed to properly advise him concerning his right to appeal the court's May 6, 2008 determination that he had violated three probation conditions. On July 6, 2010, the trial court approved a stipulation in which the parties agreed to a dismissal of defendant's PCR petition in exchange for the reinstatement of petitioner's right to appeal the May 6, 2008 findings and conclusions. This appeal followed.

¶ 12. At a probation revocation hearing, the State bears the burden of proving a probation violation by a preponderance of the evidence. State v. Austin, 165 Vt. 389, 398, 685 A.2d 1076, 1082 (1996). If this initial burden is met, the burden of persuasion shifts to defendant to prove the violation was "not willful but rather resulted from factors beyond his control and through no fault of his own." Id. (quotation omitted). A trial court's conclusion that a defendant violated a probation condition involves a mixed question of law and fact. State v. Miles, 2011 VT 6, ¶ 6, 189 Vt. 564, 15 A.3d 596. "[T]he trial court must first make a factual determination of the probationer's actions, and then make an 'implicit legal conclusion' that the probationer's actions violated his probationary terms." State v. Woolbert, 2007 VT 26, ¶ 8, 181 Vt. 619, 926 A.2d 626 (mem.) (quoting Austin, 165 Vt. at 398, 685 A.2d at 1082). We accept the trial court's findings of fact if supported by credible evidence. Miles, 2011 VT 6, ¶ 6. The court's legal conclusions must stand if supported by the findings. Id.

¶ 13. On appeal, defendant first argues that he could not have violated a condition of probation by leaving Teen Challenge because the probation officer never imposed a requirement to attend and complete Teen Challenge, and if there was such a requirement, the condition was so ambiguous that it failed to give him adequate notice.[2] We agree.

_____

[2] Defendant also argues that if the probation officer required that he attend Teen Challenge, the requirement violates his constitutional rights under the United States and Vermont Constitutions because Teen Challenge is an overtly religious program. We do not reach that argument.

¶ 14. The relevant legal standards are fully developed in our decisions. Probation contracts are a form of contract subject to normal rules of contract construction. See *State v. Bohannon*, 2010 VT 22, ¶ 8, 187 Vt. 410, 996 A.2d 196 (stating probation conditions operate as a contract between the probationer and the court and acknowledging this Court must construe probation agreement according to contract principles); *State v. Murray*, 159 Vt. 198, 205, 617 A.2d 135, 139 (1992) ("A deferred-sentence agreement, like all probation agreements, is a form of contract, subject to the normal rules for construction of contracts." (citation omitted)). A contract term is considered ambiguous where "a writing in and of itself supports a different interpretation from that which appears when it is read in light of the surrounding circumstances, and both interpretations are reasonable." *Isbrandtsen v. N. Branch Corp.*, 150 Vt. 575, 579, 556 A.2d 81, 84 (1988). Where ambiguous, a contract is ordinarily construed against the party who drafts it. *Murray*, 159 Vt. at 205, 617 A.2d at 139.

¶ 15. As we have consistently recognized, due process requires that a defendant know " 'what conduct is forbidden before the initiation of a probation revocation proceeding.' " *State v. Hammond*, 172 Vt. 601, 602, 779 A.2d 73, 75 (2001) (mem.) (quoting *State v. Bubar*, 146 Vt. 398, 405, 505 A.2d 1197, 1201 (1985)); see also *State v. Peck*, 149 Vt. 617, 619, 547 A.2d 1329, 1331 (1988) (agreeing that "due process requires that a convicted offender be given fair notice as to what acts may constitute a violation of his probation, thereby subjecting him to loss of liberty"). While a defendant might be given fair notice of what may constitute a probation violation "by the instructions and directions given to defendant by his or her probation officer," *Peck*, 149 Vt. at 619-20, 547 A.2d at 1331, a condition of probation must be "so clearly implied that a probationer, in fairness, can be said to

have notice of it." *Austin*, 165 Vt. at 398, 685 A.2d at 1082 (quotation and emphasis omitted).

¶ 16. Both the Grand Isle and the Chittenden District Court probation orders required, "If the probation officer or the court orders you to go to any counseling or training program, you must do so. You must participate to the satisfaction of your probation officer." By their terms, these conditions impose a requirement only "[i]f the probation officer or the court orders . . . any counseling or training program."

¶ 17. In this case, defendant's obligations were contained in a probation contract between defendant and the Burlington probation officer, as prepared by the officer and signed by both shortly after the Chittenden District Court imposed its probation sentence. The standard form document is titled "PROBATION CONTRACT" and contains sections, among others, concerning financial payment, community service, and counseling. With respect to substance abuse counseling, it states only that defendant is "currently in treatment @ Teen Challenge."

¶ 18. The Burlington probation officer testified that defendant signed the probation contract — a contract that she had filled out for his signature. She testified that the meaning of the contract was that "I agreed and he agreed that [defendant] would be doing his substance abuse counseling through the Teen Challenge program." She stated that defendant met with her in August 2007 and informed her that he had enrolled himself in Teen Challenge and thought that it was a good program for him. According to the officer, during this meeting, she let defendant know he was required to go to Teen Challenge. She admitted, however, that she had not recorded the requirement "verbatim." She believed that she had made clear to defendant "that as long as he stayed enrolled in Teen Challenge and

continued that treatment to the full satisfaction of their programming requirements that I would have no issue with that." The State's position is that the testimony shows that the requirement of counseling at Teen Challenge was imposed orally and the written "contract" is only a memorialization of the fact of his enrollment.

¶ 19. Our leading decision in this area is *Peck*. It recognizes the binding force of instructions from the probation officer and imposes no requirement that the instructions be in writing. There is no indication in *Peck* or in the decisions after *Peck* that the probation officer's instructions were in writing; nor have there been disputes over the content of the instructions,[3] as is present in this case. We agree that the use of a written contract between the probation officer and the probationer is a desirable step forward to ensure clear understandings of what is required. Indeed, the evidence of the nature of the agreement in this case shows the desirability of a written memorandum of the agreement. The Burlington probation officer testified generally that she required defendant to attend Teen Challenge, but what she specifically recollected conveying — that she would have no problem if he attended Teen Challenge — was more

vague. Although her statement endorsed defendant's choice as complying with the officer's direction, it stopped short of imposing a mandate. In essence, the probation officer's testimony is parol evidence that can be used in construing the written contract if that contract is ambiguous. See *Isbrandtsen*, 150 Vt. at 577, 556 A.2d at 83. Even considering the context, we cannot find the contract ambiguous with respect to whether it requires defendant to attend Teen Challenge such that he committed a probation violation by leaving the program. The contract clearly contains no such requirement.

¶ 20. Because the probation contract does not contain a requirement that defendant attend Teen Challenge, we hold that defendant did not violate his terms of probation by leaving Teen Challenge. This conclusion disposes of the issue, and we decline to reach defendant's related constitutional claims.

¶ 21. The second issue on appeal is whether defendant violated probation by failing to pay required fines. The condition defendant allegedly violated required that he "pay [his] fine(s) . . . to [his] probation officer as directed on a schedule determined by [his] probation officer."[4] This condition was also covered by

---

[3] We recognize that there have been disputes over the effect of the instructions. The central question in *Peck* was whether the undisputed requirement that he complete sex offender counseling to the satisfaction of his probation officer meant that he had to take responsibility for the conduct for which he was convicted, a requirement for successful completion of the counseling program to which he was assigned. See *Peck*, 149 Vt. at 620, 547 A.2d at 1331. The issue in this case is not about the effect of a probation officer's requirement; it is instead about whether there was any requirement, and, if so, its content.

[4] The State argues that defendant failed to preserve his claim that the violation for failure to pay fines was unsupported by sufficient evidence. A probation-revocation proceeding is a hybrid criminal/civil proceeding. *State v. Leggett*, 167 Vt. 438, 446, 709 A.2d 491, 496 (1997) (Dooley, J., dissenting). In a nonjury criminal trial, "the law does not require the criminal defendant to . . . mov[e] for a judgment of acquittal in order to preserve his right to question the sufficiency of the evidence on appeal. . . . So long as the appeal is timely filed, the sufficiency of the evidence in a criminal case tried by the court may be considered . . . ." *State v. Rifkin*, 140 Vt. 472, 475, 438 A.2d 1122, 1124 (1981). Here,

the probation contract between the Burlington probation officer and defendant. The contract specifies that defendant owes a fine of $78 plus $138 from the previous docket, apparently the fine owed under the Grand Isle probation condition, for a total of $216. However, the contract contained no schedule for payment.

¶ 22. The testimony on this alleged violation added little. The Burlington probation officer who signed the probation contract gave no testimony about the fine-payment requirement. The Morrisville probation officer testified that defendant owed fines and did not pay them before the officer brought the violation complaint. The court found a violation of the fine-payment condition because defendant had not paid the fines when the officer filed the VOP complaint.

¶ 23. We cannot conclude that the State met its burden of proof. Defendant was on probation for two years, from October 2007 to October 2009. The probation condition authorized the probation officer to set a payment schedule for repayment during that period. The probation contract itemized the amount defendant owed but failed to establish a payment schedule. There was no testimony that a payment schedule was established. In the absence of a payment schedule, and well before the expiration of defendant's probation, there was no support for the claim that defendant had violated the probation condition by failing to make a payment before the VOP complaint was filed. We cannot find a violation.

¶ 24. Our conclusion about the third alleged violation is similar. The relevant

defendant denied the charged probation violation, resulting in a contested probation violation hearing. During the hearing, defendant put on evidence in his defense, and it was always his position that he did not violate probation for failure to pay. Thus, we can properly consider the sufficiency of the evidence on appeal.

probation condition said: "You must faithfully work 100 hours at a community service job to the satisfaction of your probation officer." Apparently, there was a similar condition in the Grand Isle probation order, and defendant needed to complete forty more hours of community service to fulfill his responsibility under that order. Thus, the probation contract between the Burlington probation officer and defendant stated that he had to complete 140 hours, "40 from [the] previous docket," and that defendant had "already started." Again, no completion schedule was included. The VOP complaint charged that defendant did not complete any "verified community service hours." The Burlington probation officer testified that it was agreed that defendant could perform his community service hours through Teen Challenge. The evidence also indicated that the head of the Teen Challenge program had told the Morrisville probation officer orally that defendant had done the community service. However, the Teen Challenge program had provided no verification of the hours of service performed, and the officer charged the probation violation because of the lack of verification.

¶ 25. We reiterate that the State bears the burden of proving a probation violation by a preponderance of the evidence. *Austin*, 165 Vt. at 398, 685 A.2d at 1082. As with the payment-of-fines charge, the record does not support a conclusion that the probation officers had required defendant to complete his community service by the time that the Morrisville probation officer filed the VOP complaint. Even if there were such a requirement, we cannot conclude the State proved that defendant had violated the requirement. The only evidence on the question was the hearsay statement of the head of Teen Challenge that defendant had done his community service. The State had to prove the violation but offered no evidence to the contrary. Instead, the proba-

tion officer claimed that there was a requirement that the information be verified in writing. Such a requirement is not contained in the probation condition or the probation contract, and defendant had no notice that he committed a violation of probation for not producing a written verification of his community service. We cannot uphold the court's conclusion that defendant violated the community-service term of probation.

¶ 26. Finally, we must resolve the State's argument that any error is harmless because defendant also admitted to committing a more serious breach of probation conditions and the revocation of defendant's probation is supported by this breach alone. The admitted violation was for violent or threatening behavior, specifically that he physically and verbally abused his ex-girlfriend. The State argues that the court would have revoked defendant's probation even without findings of violation pertaining to counseling, community service, and fines.

¶ 27. We disagree that the erroneous violation adjudications are harmless in terms of sentencing. We cannot know what sentence the court might have imposed if it had found fewer probation violations. See *State v. Higgins*, 147 Vt. 506, 508, 519 A.2d 1164, 1166 (1986) (per curiam) ("This Court cannot know what sentence might have been imposed by the sentencing judge for a single violation of probation, rather than the three violations found by the trial court. We therefore remand for resentencing."). The sentence imposed in June 2008 was based on a "global resolution" between the parties that took into account *both* the VOP adjudication from May 2008 *and* the additional admitted-to violation. We also note that the stipulation agreed to by the parties and approved by the court on July 6, 2010, specifically gave defendant the right to appeal "the May 6, 2008 VOP findings *and sentences on those violations*" (emphasis added). Thus, the stipu-

lation allowing this appeal anticipated that the sentence resulting from the trial court's May 2008 VOP findings might be reconsidered. Given that we conclude the court erred in finding three of the four violations, we must remand this case for resentencing.

*Reversed and remanded for further proceedings consistent with this order.*

¶ 28. **Burgess, J.,** dissenting in part. As the majority recognizes, there is more than one way to impose a condition of probation. Here, defendant was ordered to probation by the court and to engage in substance abuse programming if so directed by his probation officer. Defendant was directed by his probation officer to attend the substance abuse counseling. Defendant attended such counseling, but left to attend a different counseling program at Teen Challenge. Defendant then stopped attending the Teen Challenge program. The court so found, and its findings are supported by the officer's testimony. On notice of what was required of him, defendant was fairly found in violation of probation when he failed to abide by the condition, and I respectfully dissent from this unwarranted reversal.

¶ 29. *State v. Peck*, 149 Vt. 617, 547 A.2d 1329 (1988), governs this case. In *Peck*, we noted that "due process requires that a convicted offender be given fair notice as to what acts may constitute a violation of his probation." *Id.* at 619, 547 A.2d at 1331. Such notice need not be in writing, but may be in the form of "instructions and directions given to [the probationer] by his or her probation officer." *Id.* at 619-20, 547 A.2d at 1331. Thus, the officer's verbal instructions may sufficiently notify the probationer of the probation conditions. In part on this basis in *Peck*, we upheld a finding of violation resulting from the defendant's refusal to admit that he committed a sex offense as part of his required counseling, where the probation officer orally informed the probationer

that successful completion of counseling conditions would require this admission.[5] *Id.*; see also *State v. Foster*, 151 Vt. 442, 447, 561 A.2d 107, 110 (1989) (affirming probation violation where defendant failed to abide by written probation condition and probation officer's oral instructions).

¶ 30. The majority agrees on the law to this point, but then misreads the facts to conclude the probation officer failed to make the attendance condition clear to defendant. See *ante*, ¶¶ 15-20. Defendant's probation officer testified that when she spoke with defendant about counseling he told her that he was already attending Teen Challenge. She further testified that she then told defendant that "as long as he stayed enrolled in Teen Challenge and continued that treatment to the full satisfaction of their programming requirements that [she] would have no issue with that."

¶ 31. The probation officer's statement that she had "no issue" with defendant attending Teen Challenge was not, as the majority characterizes it, too vague to establish a counseling requirement. See *ante*, ¶ 19. The probation officer's testimony was that she made this comment during a longer conversation with defendant about his counseling requirement. This discussion did not proceed from the premise that defendant was free to decide whether to attend counseling. Rather, the officer said she informed defendant of his counseling requirement and expressed her approval of his choice of Teen Challenge *to meet that requirement*. The totality of the officer's testimony supports the court's finding that when defendant left Teen Challenge "he was no longer attending counseling as directed by his probation officer, specifically, alcohol or substance abuse counseling."[6]

¶ 32. These findings are further supported by the evidence of defendant's probation order and the probation contract form. As recited by the majority, the order stated defendant was to attend counseling if directed by his probation officer and that he was to participate to the officer's satisfaction. In the box labeled "Counseling" on the form contract signed by defendant in the course of the officer's above-described discussion about his counseling requirement, the officer noted that defendant is "currently in treatment @ Teen Challenge." Unless the officer was writing defendant's biography, or keeping a diary of his volitional activity irrelevant to probation compliance, there was, of course, no reason for that notation except as a memorial of her explicit direction, as found by the court, that defendant attend counseling.

¶ 33. The perception of the majority, that the officer's endorsement of Teen Challenge "as complying with the officer's direction" stopped "short of imposing a mandate," ignores the one and only context for this conversation to have occurred at all. What is vague to the majority was clear to the trial court and, based on his probation order, contract form, and direc-

---

[5] It should be noted that in *Peck* the defendant did sign a probation contract requiring him to attend counseling, a fact on which this Court also relied in affirming the violation. *Id.* at 620, 547 A.2d at 1331. We emphasized, however, that the contract required the defendant to complete the counseling "to the full satisfaction of [the] probation officer," the meaning of which the probation officer communicated orally to the defendant. *Id.* The defendant's failure to abide by his probation officer's verbal instructions, therefore, was the basis of his violation. *Id.*

[6] To be clear, the requirement was to attend counseling, not to attend Teen Challenge. Defendant could have satisfied this requirement by attending counseling at another program approved by his probation officer.

tion from the officer, just as clear to defendant. But for the court's probation order, there was no reason for defendant to converse with the probation officer. But for the officer's direction that defendant attend counseling pursuant to that order, there was no reason for defendant to inform the officer about his switch to Teen Challenge. There was no evident reason for defendant to attend Teen Challenge except for the court's order and the officer's direction that defendant do so.

¶ 34. The majority's focus on the written probation contract and this Court's decision in *Isbrandtsen v. North Branch Corp.*, 150 Vt. 575, 556 A.2d 81 (1988), is the wrong road for this case. But even if *Isbrandtsen* did govern these facts, defendant's counseling violation should still be affirmed. *Isbrandtsen* calls for the use of extrinsic evidence to interpret an ambiguous writing. See 150 Vt. at 579, 556 A.2d at 85 (directing use of "subordinate rules of construction" to interpret ambiguous contract terms). Assuming, as the majority does, that the phrase "currently in treatment @ Teen Challenge" is ambiguous, the probation officer's testimony as to the surrounding circumstances and substance of the oral probation contract was not. This Court has long held it "appropriate, when inquiring into the existence of ambiguity, for a court to consider the circumstances surrounding the making of the agreement." *Id.* at 579, 556 A.2d at 84. The testimony supported the probation requirement, the probation requirement supported the court's findings, and defendant's failure to attend supported the court's conclusion that he violated probation.

¶ 35. It is not a finer point of the Geneva Convention we are interpreting, but an everyday probation condition. Its terms and requirements were plain enough to the defendant, the officer, and the court. Accordingly, I would affirm defendant's violation of probation for failure to attend counseling.

¶ 36. I am authorized to state that Chief Justice Reiber joins in this dissent.