VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-240



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

State of Vermont v. Austin R. Burnett\*

}  APPEALED FROM:
}  Superior Court, Addison Unit,
}  Criminal Division
}  CASE NO. 284-6-15 Ancr
Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

Defendant appeals the trial court's order denying his motion to strike a probation condition.  The State concedes that the condition was imposed in error.  We therefore strike the condition.

In 2016, as part of a global agreement resolving charges in three separate dockets, defendant pled guilty to one count of sexual assault on a child under sixteen years old, one count of sexual assault of an adult without consent, and one count of disseminating indecent material to a minor.  Defendant agreed to certain probation conditions including a condition stating: "You shall successfully enroll, participate in, and complete a program/treatment for sex offenders as directed by your Probation Officer or designee and as approved by the Department of Corrections, and assume the costs of your treatment."

Defendant was released in 2020 after serving the unsuspended portion of his sentence.  Shortly afterward, he was charged with violating other probation conditions.  We reversed in part and remanded for resentencing.[*]  State v. Burnett, 2022 VT 30, ¶ 1, 216 Vt. 561.

By the time of the resentencing hearing in May 2023, defendant had served his maximum sentence on the charges of sexual assault on a child and disseminating indecent material.  At the parties' request, the court sentenced defendant in the remaining docket to ninety-seven months to life, all suspended with probation until further order of the court, except for ninety-seven months to serve.  The parties indicated at the hearing that they intended for defendant to be subject to the same probation conditions that were in the previous order.  The court imposed probation condition 100, which stated: "I will successfully enroll, participate in, and complete a

---

[*]  This is defendant's third appeal to this Court.  Defendant previously was found to have violated a different probation condition requiring him to complete sex-offender programming in prison in 2018.  We reversed the decision in 2020.  See State v. Burnett, 2020 VT 28, ¶ 23, 212 Vt. 80.

program/treatment for sex offenders as directed by my Probation Officer or designee and as approved by the Department of Corrections, and assume the costs of my treatment." The court also imposed condition 13, which stated:

> You must have a screening for the issues that are marked below. You must complete the screening by the date established by your probation officer. If the screening recommends that counseling or treatment is needed, including residential treatment, you must complete the counseling or treatment as directed by your probation officer. You must attend and comply with the counseling or treatment requirements and satisfy those requirements.
>
> (g) Sex Offender Programming.

In March 2024, defendant moved to amend his probation conditions. Among other things, he argued that conditions 13 and 100 conflicted with each other and did not give him fair notice of what was required of him. He asked the court to strike condition 100.

The trial court denied defendant's motion. It concluded that conditions 13 and 100 did not conflict or impermissibly delegate unlimited discretion to the probation officer and were designed to promote defendant's rehabilitation and protect the public. The court stated that if the conditions were found to conflict or be incompatible, it would strike condition 13 and impose condition 100. This appeal followed.

We review the trial court's decision on a motion to modify probation conditions for abuse of discretion. See State v. Bubar, 146 Vt. 398, 405 (1985) (explaining that trial court "has great discretion in setting conditions of probation"); see also 28 V.S.A. § 253(a) (stating court "may" modify probation conditions); Vt. Nat'l Tel. Co. v. Dep't of Taxes, 2020 VT 83, ¶ 55, 213 Vt. 421 (explaining that word "may" in statute indicates discretion).

Defendant argues that the court abused its discretion in denying his motion to modify his probation conditions because the parties agreed to impose the conditions that were already in place and condition 13 was not one of his original conditions. He argues that condition 13 imposes a new treatment requirement upon his release, in addition to the sex-offender programming that condition 100 required him to do in the facility.

The State disagrees with defendant's arguments that the trial court was bound by the parties' agreement to impose his original probation conditions or that condition 13 conflicts with condition 100. However, the State agrees that condition 13 should be stricken because there is no explanation in the record for its imposition. Instead, the condition, which differs from the original conditions imposed on defendant, appears to have been added erroneously and without notice to defendant. The State concedes that the imposition of the condition under these circumstances violated 28 V.S.A. § 253(b), which requires that "[w]henever the court proposes any modification of the conditions of probation, the probationer shall have a reasonable opportunity to contest the modification prior to its imposition." In light of the State's concession, which is consistent with our review of the record, we conclude that the condition should be stricken.

Condition 13 is stricken from defendant's probation order.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice

3